FILED
JUN 13 2011
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-20316 |
| Plaintiff, | Honorable Victoria A. Roberts |
| -vs- | **OFFENSE(S):** 18 U.S.C. §1343 |
| D-1   David Bernhardt, | **MAXIMUM PENALTY:** 20 years |
| | **MAXIMUM FINE:** $250,000 |
| Defendant. | |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant David Bernhardt and the government agree as follows:

1. **GUILTY PLEA**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to a One Count Information, which charges wire fraud.

   B. **Elements of Offense**

   The elements of the offense are:

   **First**: That defendant knowingly devised and participated in a scheme to defraud customers of Davalor Mold Corporation by means of materially false or fraudulent pretenses and representations;

   **Second**: That defendant acted with the intent to defraud; and

   **Third**: That in advancing, or furthering, or carrying out this scheme

defendant used or caused to be used wire communications in interstate commerce.

### C. Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea:

Davalor Mold Corporation is an automotive parts supplier located in Chesterfield, Michigan. Davalor manufactures and supplies injection molded plastic parts to Tier 1 automotive suppliers. Davalor's parts include safety related components of seat belt assemblies. Davalor manufactures and supplies parts under contracts with its customers that include specific requirements for materials, including specific plastic materials to be used, and the amount of regrind plastic (as opposed to virgin plastic) that may be used, if applicable. In addition, Davalor's contracts impose specific quality control requirements, including periodic quality testing of specified samples of parts and annual revalidation testing and reports on parts in production. Davalor has employees specifically dedicated to quality control functions, including the required quality testing.

Davalor is a privately held company, owned equally by David Bernhardt, its former President, and Orman Bernhardt, its former Director of Operations.

Beginning on or about March, 2008, and continuing through on or about April 13, 2010, Davalor devised and executed a scheme to defraud its customers by: (1) sometimes substituting less expensive materials for those that were specifically required; (2) using regrind plastic in larger proportions than were permitted; (3) ceasing or decreasing required quality testing and revalidation testing; and (4)

having employees create false and fraudulent testing reports for submission to customers and to auditors, and submitting those false reports. Davalor employees took these actions at the direction of both David Bernhardt and Orman Bernhardt. Davalor and the Bernhardts took these actions with the knowledge and active participation of at least three additional management level employees of the company. Davalor employees routinely used interstate wire communications, specifically email and the internet, to communicate with its customers in furtherance of the scheme to defraud.

The financial loss to customers is difficult to precisely determine. For purposes of establishing an offense level under the U.S. Sentencing Guidelines, the parties agree to a loss amount of no less than $30,000 and no more than $70,000. This figure does not control the amount of restitution, if any, to be ordered under this plea agreement.

2. SENTENCING GUIDELINES

A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's sentencing guideline range shall be **10-21** months, as set forth on the attached worksheets, and further explained as follows: based on the difficulty of establishing a guideline loss amount, and due to the particular circumstances of this case, the government agrees that the bottom end of the applicable sentencing

range shall be 10 months, rather than 15 months. The parties acknowledge that this range varies from the applicable guidelines and the parties expressly agree to this variance.

If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **10-21** months, the higher guideline range becomes the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, and in the paragraph, except as necessary to the Court's determination regarding subsections a) and b), above.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the factors set forth in §3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established by the sentencing guidelines;

(5) any pertinent policy statement of the Sentencing Commission; and

(7) the need to provide restitution to any victims of the offense.

### A. Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the middle of the sentencing guideline range as determined by Paragraph 2B. The government agrees and understands that the defendant may submit a sentencing memorandum, and/or a motion for downward variance, seeking a lower sentence. The defendant agrees and understands that the government may oppose this request and/or motion for downward variance.

### B. Supervised Release

A term of supervised release, if imposed, shall follow the term of imprisonment, if any. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that might result from any later revocation of supervised release due to a material

breach of the conditions imposed under supervised release by the defendant.

### C. Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

There is no agreement as to any fine. The defendant may present arguments regarding the appropriateness of fines or monetary penalties in his sentencing memorandum and/or motion for downward variance.

### E. Restitution

The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct, in amounts to be determined by the Court if, and to the extent that, each such victim presents a claim and the Court determines, after evidentiary hearing, that such victim has sustained a compensable loss as a result of the offense behavior in this case.

### F. Management of company

The defendant has agreed to voluntarily step down from any management level or executive position at Davalor Mold Corporation, and to relinquish any control of or role in the management of quality control procedures, for the duration of his sentence, including any term of imprisonment, probation, and supervised release. Defendant further agrees that, for the duration of his sentence, Davalor shall allow representatives of the government, including the U.S. Attorney's Office, the Federal Bureau of Investigation, and the United States Probation Department,

full access to Davalor records and personnel for the purpose of determining his compliance with this agreement. Defendant agrees that this requirement will be imposed as a special condition of probation or supervised release in this case.

4.  **OTHER CHARGES**

If the Court accepts this agreement, the government will pursue no other criminal charges relating to, and within the scope of, the investigation in this case relating to the defendant, Davalor Mold Company, or any of its officers, agents, or employees, other than the charges against David and Orman Bernhardt.

5.  **RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement only if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence that exceeds the middle of the sentencing guideline range, as determined by Section 2(B) of this agreement.

6.  **WAIVER OF APPEAL**

Defendant and the government waive any right they may have to appeal the conviction or sentence.

7.  **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If

additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly to the conduct underlying the guilty plea, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 8. PARTIES TO PLEA AGREEMENT

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 9. SCOPE OF PLEA AGREEMENT

This is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against the defendant.

### 10. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by **5:00 P.M. on May 6, 2011.** The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

_____           _____
Ross MacKenzie                            Sheldon N. Light
Assistant United States Attorney          Assistant United States Attorney
Chief, Complex Crimes Unit

Date: 6/9/2011

By signing below, defendant acknowledges that he has read this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
Charles W. Peterson
Attorney for Defendant

_____           _____
Robert D. Sheehan                         David Bernhardt
Attorney for Defendant                    Defendant

Date: 5-13-11

Sentencing guideline worksheet — David Bernhardt

Wire fraud — 18 U.S.C. §1343

November 1, 2009 U.S.S.C. Guidelines Manual

**WORKSHEET A**

1. Offense level:
    - 2B1.1(a)(1)(base offence level)   7
    - 2B1.1(b)(1)(D)(loss > $30,000)   6

2. Victim related adjustments: n/a

3. Role in the offense adjustment: 3B1.1(a)   4
      (organizer or leader, 5 or more participants)

4. Obstruction adjustment (§3C1.1): n/a

5. Adjusted offense level:   17

**WORKSHEET C**

7. Criminal history category:   I

**WORKSHEET D**

1. Adjusted offense level:   17

2. Acceptance of responsibility (§3E1.1):   <u>3</u>

3. Total:   14

4. Criminal history category:   I

6. Guideline range (months):   15-21

7. Fine range:   $4,000-$40,000

Page 10 of 10